FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 AUG -5  P 2: 26

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MYLES SPIRES

Plaintiff

v     *     Civil Action No. RDB-10-1597

LIEUTENANT HARBAUGH, et al.     *
Defendants

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was remanded by the Fourth Circuit Court of Appeals "so that the district court may re-evaluate the propriety of dismissal" for Plaintiff's alleged failure to exhaust administrative remedies "or consider the alternative grounds raised by the summary judgment motion in the first instance." *Spires v. Harbaugh*, Slip Op. 11-6207 at p. 6 (4th Cir. 2011). The appellate court's mandate issued on August 4, 2011. ECF No. 38. Plaintiff filed a Motion for Leave to File Supplemental Complaint and a Motion for Appointment of Counsel prior to the issuance of the mandate. ECF No. 36 and 37. For the reasons set forth below the Court will DENY Plaintiff's Motions and GRANT Defendants' Motion for Summary Judgment on the merits of the excessive force claim.

### Pending Non-Dispositive Motions

Plaintiff's Motion for Leave to File Supplemental Complaint seeks to reinstate all claims raised in the original complaint. ECF No. 36. To the extent that Plaintiff seeks to reinstate the claim regarding the alleged denial of dental care following the use of force, his motion is denied. The Fourth Circuit left this Court's decision regarding the claim intact. The claim that remains to be addressed is the excessive force claim.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

## Background

The facts established by the record are set forth below.

Plaintiff, an inmate confined to North Branch Correctional Institution (NBCI), claims that on September 24, 2009, he was "excessively maced and assaulted." ECF No. 1 at p. 4. He states the officers slammed his face down on the toilet in his cell, breaking off the bottom half of his two front teeth. He further claims that his teeth were never repaired to their former condition. He seeks damages in the amount of one million dollars and an order requiring the repair of his teeth.

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Defendants state that on September 24, 2009, inmates on B Wing of NBCI flooded their cells, requiring the water supply to be shut down on the tier. Officers Troy Parson, Bruce Crowe and Sean Welsh were shutting down the water when they approached cells near 1-B-57, where Plaintiff was housed, and an unidentified liquid believed to be urine was thrown on them. ECF No. 21 at Ex. 1, pp. 7, 10—11.

As a result of the assault on the officers, Lt. Harbaugh, the housing unit manager, spoke with the inmates assigned to the two cells in question and asked all four men if they would exit their cells voluntarily so that a search could be performed. Plaintiff and his cellmate would not agree to comply with the order to exit the cell and stated they did not care what Harbaugh did. ECF No. 21 at Ex. 1, pp. 10—11 and 28. Thus, Defendant Harbaugh decided to remove Plaintiff and his cell mate, Tremayne Lewis, from the cell using force if necessary so that a search for weapons could be conducted. A "use of force" team consisting of eight officers, four for each inmate, was assembled.

The process of extracting Plaintiff and his cellmate from the cell was videotaped. Plaintiff and Lewis were provided another opportunity to comply with orders to exit the cell voluntarily, but both men refused. In light of their failure to comply with orders, their actions in blocking the feed-up slot with a mattress, and reports that they were setting up other obstacles inside the cell, Harbaugh ordered the disbursement of pepper spray into the cell in an attempt to quell the recalcitrant behavior. A short period of time was allowed to elapse so that the pepper spray could take effect. The officers, who were already assembled for the cell extraction, then entered the cell to restrain the men and escort them out of the cell. Plaintiff and Lewis were escorted to holding cells where they were strip searched and taken to the medical unit for evaluation for pepper spray exposure. Each man was permitted to shower.

Defendants have provided the Court with a copy of the video. ECF No. 21 at Ex. 2. The video does not show what occurred inside the cell but it is clear there was very little space in the two-man cell with the addition of eight officers. Although the still pictures taken of Plaintiff do not show his teeth, the video images show his front teeth, which look to be damaged as he describes in the Complaint. ECF No. 21 at Ex. 4. Defendants allege Plaintiff's teeth were not damaged and point to the lack of any medical records indicating that his teeth were broken or chipped as proof that he was not harmed. *Id.* They state that Plaintiff offered no complaints at the time he was evaluated by the nurse other than requesting a shower and that the only dental issue noted in his records was a complaint he filed eight months later regarding pain in his jaw associated with a tooth extraction. *Id.* at 70. [2] The issue regarding Plaintiff's claim that he was not provided proper dental care is not before the Court.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

---

[2] Plaintiff refuted Defendants' assertions regarding the damage to his teeth with copies of sick call slips he submitted requesting attention for his broken teeth that are marked as received by dental staff. ECF No. 25 at Ex. B.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

### Exhaustion of Administrative Remedies

In its review of this case on appeal, the Fourth Circuit found that this Court did not consider all of the evidence presented by Plaintiff in support of this assertion that he made a good faith effort to exhaust administrative remedies. ECF No. 35. Indeed, this Court did overlook the signature indicating receipt on the administrative remedy complaint submitted by Plaintiff.[3] ECF No. 25 at Ex. C. In light of that oversight and Plaintiff's assertions that his attempts to address his claims through the administrative remedy procedure were thwarted by correctional staff, this Court concludes that the exhaustion requirement has been met by Plaintiff. The merits of the excessive force claim are addressed below.

---

3 The Fourth Circuit makes reference to a second Request for Administrative Remedy form submitted by Plaintiff. ECF No. 35. After a thorough review of the record the second form was not located. Notwithstanding that inconsistency, this Court accepts the appellate court's analysis of the exhaustion issue for purposes of this decision.

5

## Excessive Force

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkens v. Gaddy*, __ U.S. __, 130 S. Ct. 1175, 1178 – 79 (2010). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.*

The undisputed facts establish that there was a need for force in this case. Inmates in the area of Plaintiff's cell flooded the tier and officers had been assaulted. ECF No. 21 at Ex. 1. Plaintiff was repeatedly given orders to come out of his cell so that it could be searched for a weapon; he repeatedly refused to do so even though he was advised that force would be used to remove him from the cell. *Id.* The evidence does not support a finding that the force employed by Defendants was used maliciously or sadistically to cause harm. Assuming that Plaintiff suffered broken teeth as a result of the force applied, the degree of injury sustained in light of the circumstances in this case does not support a finding of an unconstitutional use of force. *See Wilkens*, 130 S. Ct at 1178 (degree of injury is one factor to be weighed in determining if force used was excessive under the circumstances); *see also Hudson*, 503 U.S. at 10 (minor bruises,

6

swelling, loosened teeth and cracked dental plate are significant injuries where force used was unjustified and repugnant to standards of decency).

Based on the record evidence, and for the reasons stated herein, Defendants are entitled to summary judgment in their favor. A separate Order follows.

August 5, 2011
Date

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE